MARTHA M. PARKER, by next friend, v. O. B. PARKER, et al.

SEPARATE ESTATE. *Feme Covert*. *Power to convey*. The separate estate of a married woman, where the deed or conveyance under which she holds is silent as to the power of disposition, only differs from her general estate in the fact that the husband's marital rights are excluded and such separate estate may be conveyed by the joint deed of husband and wife, executed as required by law; but it is otherwise where the power of disposition is withheld or confined to some particular mode.

---

FROM SHELBY.

---

Appeal from the Chancery Court at Memphis. R. J. MORGAN, Ch.

W. M. SMITH, for Complainant.

CLAPP & MEUX for Defendants.

McFARLAND, J., delivered the opinion of the Court.

On the 15th day of February, 1853, James D. Goff conveyed the real estate in controvesy to the complainant, then and now the wife of O. B. Parker. It is an ordinary deed in fee simple to the complainant and her heirs, adding, however, these words: "To the said Martha Macon Parker and her heirs and assigns forever, free from the use and control of her husband."

The proof shows with reasonable certainty that the consideration was paid by O. B. Parker.

In January, 1859, the complainant executed a deed purporting to convey the property to her husband, which deed was acknowledged in due form and registered.

It appears that this latter conveyance was in consideration of other property, which the husband had purchased from one Ragland, deceased, which Ragland, by the .husband's direction, conveyed to the complainant in exchange for the first named property; but the deed of Ragland to the complainant was not to her sole and separate use, but simply conveyed the property to complainant, without more.

Soon after the conveyance by the complainant to her husband, the latter conveyed the property embraced in the first deed (the property in controversy) to Williams, a brother of complainant, and he, in turn, conveyed it to Mrs. M. H. Mobley.

On the 22nd of May, 1866, the complainant and her said husband joined in a quit claim deed confirming the previous deed of complainant to her husband, which, they had been advised, was probably void, and ratifying and confirming the title to said Williams. This latter deed was properly acknowledged and registered.

Subsequently, Mrs. Mobley conveyed separate parts of the property to the defendant, and under these latter conveyances they claim they paid full

considerations, have made improvements, and been in possession several years.

The complainant files this bill to recover the property upon the ground that under the deed of Goff she held it as "a separate estate," and consequently had no power to convey, and therefore, not only her deed to her husband, but also the joint deed of herself and husband to Williams, are void, and they, as well as the subsequent deeds, constitute clouds upon her title.

The defendants insist that if complainant's deeds be held void, still she should be estopped in equity from setting up her title, by reason of the fact that she joined in the sales and execution of the deeds, and also because she stood by and saw the defendants expend their money for the purchase and improvement of the property, without objection.

They further insist that she should, in any event, be required to surrender the property she received in exchange from her husband, that is to say, the property conveyed to her by Ragland; that she ought not to be permitted to repudiate her own conveyance and retain the consideration received.

This latter position is no doubt correct, but it appears that the complainant subsequently joined her husband in a conveyance of the Ragland property, her husband receiving and using the consideration for which it was sold. So that the complainant has nothing which she can restore. Having received this conveyance from her husband, or his vendor, and having afterwards joined her

husband in a sale, for a consideration paid to him, she has restored to him all she received. Nor do I see how the complainant can be held estopped to assert whatever title she may have. If her deeds are void and inoperative to convey her title, I do not see how they can be made effective by way of estoppel to accomplish the same purpose. Aside from executing the deeds, she did nothing except remain inactive. She took no steps to assert her claim, although she was cognizant of the facts.

I agree that fraud is not one of the privileges of coverture, but the fraud in this case consists simply in repudiating deeds, which it is claimed are void, and doing so within the time allowed by law. While it does appear in many cases to have the element of bad faith, it is not regarded as such fraud in law as to repel a married woman from court. So that if the complainant is correct in the assumption that she had no power to convey the property in question, her right to recover it must necessarily follow. If the case of *Gray* v. *Robb*, 4 Heis., 74, be adhered to, then complainant is right in her assumption that she had no power to convey. For that case does hold that the separate estate of a married woman cannot be conveyed unless the power be expressly given. I am of opinion that the case was erroneously decided, and that the previous case of *Young* v. *Young*, 7 Cold., 461, lays down the law correctly; that is to say, that the separate estate of a mar-

ried woman, where the deed or conveyance under which she holds is silent as to the power of disposition, only differs from her estate held in the ordinary way, in the fact that the husband's marital rights are excluded, and in such case the property may be conveyed by the joint deed of the husband and wife, executed in the usual way, but it is of course different where the power of disposition is in terms withheld, or the power of disposition confined to some particular mode, for it is perfectly competent for the grantor of the estate to impose any lawful limitations or trusts he may see proper.

The case of *Young* v. *Young* was decided upon an elaborate review of the previous decisions in this State, and the conclusion, to my mind, is satisfactory. The case of *Gray* v. *Robb* disposes of the question by assuming that it was settled by th previous cases referred to, not referring, however, to the case of *Young* v. *Young*, which had probably not then been published or called to the attention of the Court.

The Act of 1869-70, passed in reality previous to the decision of *Gray* v. *Robb*, gives the power of sale where it is not expressly withheld in the instrument creating the separate estate: *Molloy* v. *Clapp*, 2 Lea, 586. Thus in effect providing a statutory rule at variance with the doctrine of *Gray* v. *Robb*, in substance the rule in *Young* v. *Young*: The deeds in this case were, however, made previous to the statutory change.

Parker v. Parker.

Under these circumstances, I do not see that any inconvenience can arise from overruling the case of *Gray* v. *Robb*, as it is not now a rule of property; in fact, never became a permanent rule of property to which the principle of *stare decisis* ought to apply, for the law was changed by statute before *Gray* v. *Robb* was decided.

I am of opinion, therefore, that the case ought to be overruled and the complainant's bill dismissed, as its only equity is the supposed want of power to convey. The complainant's deed to her husband may be regarded as void, but I think the subsequent deed of herself and husband to Williams ought to be held valid.

The Court concurring in the conclusions, the decree of the Chancellor will be reversed, and the bill dismissed with costs.